UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH T. KLIMAS,

        Plaintiff,                                Case No: 1:10-cv-666

v                                                 HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER**

        Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 12), recommending that this Court reverse the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and remand this case for further factual findings. The matter is presently before the Court on Defendant's objections to the R & R (Dkt 13). Plaintiff has filed a Response (Dkt 14). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

        Defendant argues that the Magistrate Judge erred in concluding that the Administrative Law Judge (ALJ) failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Reyelts; and that the Residual Functional Capacity (RFC) determination is not supported by substantial evidence. Defendant's argument is without merit.

The Magistrate Judge properly evaluated the ALJ's analysis and decision concerning the treating physician opinion evidence, and correctly concluded that (1) the ALJ failed to articulate "good reasons" for rejecting Dr. Reyelts' opinion, and (2) the ALJ's decision to accord the opinion less-than-controlling weight was not supported by substantial evidence (R & R at 13). The applicable rules require:

> If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Wilson*[ *v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)]. In articulating such reasons, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *See* 20 C.F.R. §§ 404.1527, 416.927; *see also, Wilson,* 378 F.3d at 544. The ALJ is not required, however, to explicitly discuss each of these factors. *See, e.g., Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart,* 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007). Instead, the record must reflect that the ALJ considered those factors relevant to his assessment. *See Oldham,* 509 F.3d at 1258; *Undheim,* 214 Fed. Appx. at 450.

(R & R at 12-13.)

The extent of the ALJ's analysis on this issue is as follows:

> As for the opinion evidence, the undersigned gives the treating physician's (Dr. Reyelts) opinion for less than sedentary work little weight since it is not consistent with the medical records as a whole (Exhibit 4F). At this time, he had an exacerbation of pain secondary to recent falls. The undersigned notes that the statements of Drs. J. Morrow and Karyn Gell that the claimant is disabled due to chronic pain from reflex sympathetic dystrophy is an issue reserved for the Commissioner (Exhibits 9F, 8F). These conclusions are inconsistent with claimant's activities of daily living during the period prior to date last insured. Claimant stated that he would routinely visit [his] radiator shop and would weekly pick up the receipts. He still is able to operate a Dodge 1500 truck on a regular basis and operates a riding lawn mover.

(Tr. 17.)

The Magistrate Judge properly concluded that the ALJ failed to identify *any* medical records in support of his conclusion that Dr. Reyelts' opinion was inconsistent with the medical records as a whole (R & R at 13) (emphasis in original). The deficiencies in the ALJ's analysis of Dr. Reyelts' opinion require reversal and remand. Defendant's attempt to cure the deficiencies by suggesting what evidence could or may support discounting Dr. Reyelts' opinion is unavailing. Further, Defendant's explication of the ALJ's reasoning and supporting evidence is speculation (Objs. at 3). Contrary to Defendant's assertion, logic does not dictate that in citing "Exhibit 4," which contains miscellaneous medical records, the ALJ was specifically relying on Dr. Cullen's report as opposed to the remainder of Exhibit 4 (Objs. at 3; *see also* Pl. Resp. at 3). Even if logical, the ALJ's mere citation is insufficient for adequate review.

Further, the Court is not persuaded by Defendant's argument that Plaintiff's daily activities cited by the ALJ are inconsistent with Dr. Reyelts' opinion, contrary to the Magistrate Judge's conclusion (Objs. at 4). As Plaintiff points out, the limitations cited by Defendant first occurred in February 2007 (Tr. 351); thus, they do not relate to "the period prior to date last insured" (December 31, 2002) referenced by the ALJ (Tr. 17).

Finally, the Court finds no merit in Defendant's objection to the conclusion that the ALJ's RFC determination is not supported by substantial evidence (Objs. at 4; R & R at 13-14). The Magistrate Judge's conclusion was based on the ALJ's disregard of Dr. Reyelt's opinion that Plaintiff was limited to work that afforded him a sit-stand option, which is well-supported by the medical record (R & R at 14). Plaintiff's citation to an August 14, 2008 Report of Contact (Tr. 228), which indicates light work activity with restrictions but says nothing about a sit-stand option, does not undermine the Magistrate Judge's RFC analysis or conclusion.

Defendant's objections are denied.

A Judgment will be entered consistent with this Opinion.


Dated: March 1, 2012       /s/ Janet T. Neff
      JANET T. NEFF
      United States District Judge